UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEVONRIDGE HOMEOWNERS ASSOCIATION, INC., a Nevada corporation; SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. 2:17-cv-01837-RFB-VCF<br><br>ORDER |
| DEVONRIDGE HOMEOWNERS ASSOCIATION, INC., a Nevada corporation;<br><br>Third-Party Plaintiff,<br><br>v.<br><br>NEVADA ASSOCIATION SERVICES, INC.,<br><br>Third-Party Defendant. | |

## I. INTRODUCTION

Before the Court are three contested motions: Defendant SFR Investments Pool 1, LLC's Motion to Dismiss, ECF No. 33; SFR's Motion for Summary Judgment, ECF No. 39; and Plaintiff Carrington Mortgage Services's Motion for Summary Judgment, ECF No. 37.

## II. PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted by a homeowners' association under Nevada Revised Statutes ("NRS") Chapter 116 in 2013. ECF No. 1.

Carrington sued SFR and Devonridge Homeowners Association, Inc. ("the HOA") on July 5, 2017. Id. Carrington alleged two claims: (1) quiet title or declaratory relief against all Defendants and (2) unjust enrichment against SFR. Id. Carrington filed a notice of lis pendens on July 6, 2017. ECF No. 5.

The HOA answered the complaint on August 11, 2017. ECF No. 11. It then filed a third-party complaint against Nevada Association Services, Inc. ("NAS") on September 7, 2017. ECF No. 13.

After SFR moved to dismiss the complaint on January 2, 2018, ECF No. 20, the Court stayed the matter pending the Nevada Supreme Court's decision on a certified question and denied all pending motions without prejudice to refiling. ECF No. 25. The Nevada Supreme Court issued its decision in August 2018.

The HOA was dismissed from this matter on May 8, 2018 per stipulation. ECF Nos. 26, 27. NAS was then voluntarily dismissed. ECF No. 28.

SFR now moves again to dismiss the complaint and moves for summary judgment. ECF Nos. 33, 39. Carrington opposed the motions, and SFR replied. ECF Nos. 35, 36, 40, 43.

Carrington also moves for summary judgment. ECF No. 37. SFR opposed the motion, and Carrington replied. ECF Nos. 41, 42.

**III. MOTION TO DISMISS**

The Court first turns to the pending motion to dismiss.

    **a. Factual Background**

The Complaint alleges the following:

This matter concerns the property at 813 Pirates Cave Court, North Las Vegas, Nevada 89032. ECF No. 1. The HOA manages and maintains the common unit amenities for the community in which the property sits.

On October 7, 2008, nonparty Andrea Ketay purchased the property for $194,761.00 by executing a promissory note in favor of Taylor, Bean & Whitaker Mortgage Corp. Ketay also

/ / /

executed a corresponding deed of trust, which was recorded on October 10, 2008. The deed of trust encumbers the property as security to ensure repayment of the loan.

Ketay defaulted on both the loan and the payment of homeowners' association dues. Based on the delinquent homeowners' association dues, nonparty Bank of America requested a super-priority lien account statement from NAS in April 2011. NAS served as the HOA's agent. Bank of America made the request through its attorneys at the law firm of Miles, Bauer, Bergstrom & Winters, LLP.

Bank of America requested the super-priority lien account statement for the express purpose of curing the super-priority portion of HOA's lien. NAS refused to provide a super-priority lien statement, instead providing a full lien account statement showing a balance of $2,231.31. Based on the full lien statement, the law firm calculated the super-priority portion of the HOA's lien by totaling nine months of homeowners' association dues, pursuant to NRS 116.3116.

The law firm tendered a cashier's check for the super-priority lien amount to NAS to cure the super-priority portion of the lien. The tender of the super-priority lien amount to NAS served to extinguish that portion of HOA's lien, leaving only the portion of HOA's lien which is junior to Carrington's first deed of trust.

On October 7, 2011, all beneficial interests under the deed of trust were assigned to Nonparty Bank of America, NA.

On August 23, 2013, the HOA sold the property at an auction through its agent, Nevada Association Services, Inc. ("NAS"). SFR purchased the property for $14,000.00.

On April 17, 2017, all beneficial interests under the deed of trust were then assigned to Carrington.[1]

### b. Legal Standard

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure sale. Fed. R. Civ. P. 201 (b), (d); see also Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (judicially noticing undisputed matters of public record).

of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). Additionally, Federal Rule of Civil Procedure 12 also permits a party to move to dismiss a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7).

### c. Discussion

SFR moves to dismiss the complaint, arguing that: the claims are time barred by a three-year statute of limitations; declaratory relief is not an independent cause of action; the unjust enrichment claim fails as a matter of law; Carrington failed to notify the Nevada Attorney General of its constitutional challenge to NRS 116.3116 in violation of Rule 5.1; and Carrington failed to join necessary parties in violation of Rule 19 and NRS 30.130. The Court addresses each argument in turn.

### i. Statute of Limitations

SFR first argues to dismiss the complaint as time barred by the three-year statute of limitations at NRS 11.190(3), contending that Carrington asserts claims based only on statutory liabilities created by NRS Chapter 116. Carrington argues that its first claim is entitled to a five-year statute of limitations under NRS 11.070 and NRS 11.080. Carrington also argues that the five-year statute of limitations began to run on September 18, 2014 when the Nevada Supreme Court issued SFR Investments Pool 1, LLC v. U.S. Bank, N.A., 334 P.3d 408 (Nev. 2014) (holding NRS Chapter 116 creates a super-priority lien). Carrington also contends that its unjust enrichment claim is entitled to a four-year statute of limitations.

Accepting the allegations in the complaint as true, the Court determines whether "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citation omitted). A complaint may be dismissed as untimely only where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish

the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995). For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). The Court considers the parties' arguments regarding statutes of limitations as applied to each claim below.

*1. Claim One – Declaratory Relief or Quiet Title*

The Court finds that the statute of limitations as to claim one began to run on the date of the foreclosure sale: August 23, 2013. Contrary to Carrington's argument, the claim did not accrue on September 18, 2014, the date of the Nevada Supreme Court decision in SFR Investments Pool 1 v. U.S. Bank. The Nevada Supreme Court has held that SFR Investments applies retroactively and constitutes an interpretation of NRS 116.3116 rather than a change in law. K&P Homes v. Christiana Trust, 133 Nev. Adv. Op. 51 (July 27, 2017). Because NRS 116.3116 was in effect at the time of the foreclosure sale, the Court finds that Carrington's claim for declaratory relief or quiet title accrued at the time of the foreclosure.

The Court further finds that Carrington is not entitled to the five-year statute of limitations for quiet title actions under NRS 11.070 and 11.080. The statute of limitations provided by these sections apply only when the plaintiff actually "seized or possessed of the premises." Nev. Rev. Stat. §§ 11.070, 11.080; see also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 232 (Nev. 2017) (NRS 11.080); Bissell v. Coll. Dev. Co., 469 P.2d 705, 707 (Nev. 1970) (NRS 11.070). NRS 11.070 and 11.080 do not apply to claims by parties like Carrington that held only a lien interest rather than a title interest.

The Court next finds that Carrington's claim carries a three-year statute of limitations under NRS 11.190(3) insofar as it relates to any rights protected by NRS 116.3116. NRS 11.190(3)(a) (applying a three-year statute of limitations to actions upon liability created by statute). Because Carrington filed suit over three years after the foreclosure sale, the Court dismisses Carrington's claim to the extent that it relies on NRS 116 violations.

However, the Court finds that Carrington's claim may proceed on the theory of a constitutional violations and on an equitable claim related to the foreclosure. NRS 11.220, the

/ / /

catch-all provision for claims not based in tort, statutory liabilities, or contract, has a four-year statute of limitations.

The Court notes that the timeline for tendering the super-priority lien is codified at NRS 116.31162. But "[t]he phrase 'liability created by statute' means a liability which would not exist but for the statute." Torrealba v. Kesmetis, 178 P.3d 716, 722 (Nev. 2008) (quoting Gonzalez v. Pacific Fruit Express Co., 99 F. Supp. 1012, 1015 (D. Nev. 1951)). Tender thus raises equitable considerations irrespective of the statutory scheme.

Based on the forgoing, the Court finds the first claim proceeds on the theories of: due process violations; commercial unreasonableness regarding the manner in which the sale was conducted, creating an inequitable sale price; and commercial unreasonableness regarding the allegedly improper calculation of the super-priority lien amount. The claim is dismissed as to the liabilities expressly created by NRS Chapter 116.

*2. Claim Two – Unjust Enrichment*

Turning to claim two, the Court finds the four-year statute of limitations in NRS 11.220 applies to the unjust enrichment claim. Nev. Rev. Stat. 11.220 (applying a four-year statute of limitations to claims not based in tort, statutory liabilities, or contract).

ii. Declaratory Relief as Stand-Alone Claim

SFR next argues that the first claim must be dismissed because declaratory relief is a type of remedy rather than a stand-alone claim. SFR contends that the claim, while disguised under the title of declaratory relief, actually asserts a wrongful foreclosure claim and a claim for liabilities arising under a statute.

Carrington asserts its claim under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. The Act creates a remedy, providing: "[i]n a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Id. § 2201(a).

SFR relies on a statement from the Ninth Circuit to argue the claim cannot proceed as a stand-alone claim. The Ninth Circuit held that the Act "only creates a remedy and is not an independent basis for jurisdiction. To obtain declaratory relief in federal court, there must be an

independent basis for jurisdiction." Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, under the Ninth Circuit's decision, the Act itself cannot create federal jurisdiction, but the Ninth Circuit did not hold that the Act was not a stand-alone claim. To be sure, an independent basis for jurisdiction exists in this matter: diversity jurisdiction under 28 U.S.C. § 1332. And there are remaining claims regarding which this Court will have to make findings or declarations. This claim may therefore proceed in conjunction with the first claim.

### iii. Unjust Enrichment

SFR also contends that Carrington's claim for unjust enrichment fails as a matter of law. In the complaint, Carrington alleges that SFR has been unjustly enriched because it has retained the entirety of rents obtained after the foreclosure sale despite Carrington being entitled to portions of the rents under NRS 107A.160 to 107A.170. SFR moves to dismiss the claim for two reasons. First, SFR argues the claim depends on an order setting aside the foreclosure sale and is therefore foreclosed since Carrington's claim to set aside the foreclosure sale is time-barred. Second, SFR argues that Carrington is not entitled to rents under NRS 107A since the claim held merely a lien interest to enforce the note; the property never belonged to Carrington.

The Court has already found that claim one is not barred by the statute of limitations. Thus, SFR's first argument fails.

As to the second argument, the Court finds the parties have inadequately briefed Carrington's right to rents under NRS Chapter 107A. The Court therefore denies the motion to dismiss on this basis.

### iv. Rule 5.1

SFR next argues that Carrington violated Rule 5.1 by failing to notify the Nevada Attorney General. Rule 5.1 states:

> A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly: (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if: … a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and (2) serve the notice and paper on the … state attorney general if a state statute is questioned—

either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

However, Carrington file a notice of the Nevada Attorney General's acknowledgement of receiving a copy of the complaint that challenges the constitutionality of NRS Chapter 116. See ECF No. 10. Carrington therefore complied with Rule 5.1

### v. Rule 19 and NRS 30.130

SFR finally moves to dismiss the complaint, arguing that Ketay is a necessary and indispensable party under Rule 19 and that failing to name the Ketay violates NRS 30.130.

Under Rule 19, a party shall be joined where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 19(A). Further, NRS 30.130 states, in part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

The Court finds that both Ketay and the HOA are necessary parties because Carrington seeks, as one option of relief, to set aside the foreclosure sale. If the Court were to issue an order voiding the sale, the order could reinstate the Ketay's interest in the property as well as the HOA's lien interest in the property.

However, the Court declines to dismiss the matter under Rule 19 or NRS 30.130 because SFR has not shown that joinder or amendment is not feasible and because the legal issue of joining these parties to case was not fully briefed before this Court. The Court denies the motion to dismiss accordingly. If Carrington does not seek to add these indispensable parties within twenty-one days, the Court grants SFR leave to file a supplemental motion to dismiss on this point.

///

///

///

## IV. CONCLUSION

**IT IS ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion to Dismiss (ECF No. 33) is GRANTED. Plaintiff Carrington Mortgage Services shall have twenty-one days to file an amended complaint.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Summary Judgment (ECF No. 39) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff Carrington Mortgage Services's Motion for Summary Judgment (ECF No. 37) is DENIED as moot.

DATED: March 30, 2019.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**