# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

CARRINGTON MORTGAGE SERVICES, LLC,

    Plaintiff,

vs.

DEVONRIDGE HOMEOWNERS ASSOCIATION, INC., *et al.*,

    Defendants.

And all related actions.

Case No. 2:17-cv-01837-RFB-VCF

**ORDER**

MOTION TO AMEND [ECF NO. 50]

Before the Court is Plaintiff Carrington Mortgage Services' Motion for Leave to File Amended Complaint. (ECF No. 50). For the reasons discussed below, Plaintiff's motion is granted.

## BACKGROUND

This case arises from a nonjudicial foreclosure sale conducted by a homeowners' association ("HOA"). (ECF No. 44 at 1). In ruling on Defendant SFR Investment Pool 1's motion to dismiss, the Court held that the former owner, Andrea Ketay, of the real property at issue and the HOA are necessary parties to the case. (*Id.* at 2-3, 8). The Court gave a deadline, which was subsequently extended by stipulation, for Plaintiff to add these parties to the complaint. (*Id.* at 8; ECF No. 47).

Plaintiff now moves to add Ketay and the HOA to the complaint. (ECF No. 50). Plaintiff asserts that "[n]o party will be prejudiced by the addition of these parties as they are only being joined as necessary parties and [Plaintiff] does not seek liability as to either proposed joined party."[1] (*Id.* at 2). Defendant SFR filed a notice of non-opposition to the motion to amend. (ECF No. 51).

---

[1] The Court notes that the HOA was previously named as a Defendant in this case, and Plaintiff's claims against the HOA were dismissed with prejudice pursuant to a stipulation. (ECF No. 27).

1

# DISCUSSION

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). In addition, under LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion."

Because Defendant SFR does not oppose Plaintiff's motion. Defendant SFR has consented to the Court granting the motion. The Court also finds grounds to grant Plaintiff leave to amend the complaint. Plaintiff seeks to add the necessary parties identified by the Court. (ECF No. 44 at 8). There is no apparent bad faith or undue delay in the motion for leave to amend. The amendments do not appear to prejudice the defendants Plaintiff seeks to add to the complaint, as Plaintiff "does not seek liability as to either proposed joined party." (ECF No. 50 at 2; *see also* ECF No. 50-1 at 3).

However, the proposed amended complaint lists "SFR Investments Pool 2" in the caption, rather than "SFR Investments Pool 1," the proper title of the Defendant. (ECF No. 50-1 at 2). When filing its amended complaint, Plaintiff must correct the caption.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 50) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff has until June 19, 2019 to file its amended complaint. Plaintiff has until July 19, 2019 to serve Defendants with the amended complaint, summons, and a copy of this Order.

IT IS FURTHER ORDERED that Defendants have until August 9, 2019 to file an answer or other response, as necessary, to the amended complaint.

IT IS SO ORDERED.

DATED this 12th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE