UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, L.L.C., <br><br>                                    Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC., *et al.*,<br>                                    Defendants. | Case No. 2:17-cv-01837-RFB-BNW<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Plaintiff Carrington Mortgage Services, LLC. ("Carrington" Or "Plaintiff") Motion for Summary Judgment and Defendant SFR Investment Pool 1, LLC ("SFR" or "Defendant") Motion for Summary Judgment. ECF Nos. 65, 66.

## II. PROCEDURAL BACKGROUND

Plaintiff sued Defendants on July 5, 2017. On January 2, 2018, Defendants filed a Motion to Dismiss. ECF No. 20. This Court denied Defendants' motion and executed a stay. ECF No. 25. On August 23, 2018, this Court lifted the stay and Defendants filed a Motion to Dismiss. ECF Nos. 33, 34. On September 24, 2018 Plaintiff and Defendants filed a Motion for Summary Judgment. ECF Nos. 38, 39. On March 21, 2019, this Court granted Defendants' motion and denied both parties' summary judgment motions as moot. ECF No. 44. Plaintiff amended its complaint on June 19, 2019. ECF No. 53. The operative amended complaint seeks quiet title and a declaratory judgment that Plaintiff's interest in a Las Vegas property was not extinguished by a nonjudicial

foreclosure sale conducted pursuant to Chapter 116 of the Nevada Revised Statutes ("NRS"). Id. The amended complaint also brought an unjust enrichment claim against SFR. Id. On July 22, 2019, Defendant, Devonridge Homeowners Association was dismissed from this case. ECF No. 61.  SFR filed an Answer to the Amended Complaint on August 22, 2019. ECF No. 62.

Carrington and SFR moved for summary judgment on October 11, 2019. ECF Nos. 65,66. Both parties filed responses on November 15, 2019. ECF Nos. 69,70. On December 20, 2019 both parties filed replies. ECF Nos. 73,74.

### III.     FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[1]

#### a.  Undisputed Facts

The matter concerns a nonjudicial foreclosure on a property located at 813 Pirates Cave Court, North Las Vegas, Nevada 89032 (the "property"). The property sists in a community governed by Devonridge Homeowners Association ("HOA"). The HOA requires its community members to pay dues.

On or about October 7, 2008, Andrea Ketay ("Ketay") obtained a loan in the amount of $194,761.00 from Taylor, Bean & Whitaker Mortgage Corp. (the "Lender") to purchase the property. To obtain the loan, the Lender executed a promissory note and a corresponding deed of trust to secure repayment of the note. October 10, 2008, the deed of trust was recorded with the Clark County Recorder and listed Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. MERS transferred its interest to Bank of America, N.A., ("Bank of America"), as evidenced by an assignment of deed of trust that was recorded on October 7, 2011. On April 17,

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure sale.  Fed. R. Evid. 201 (b), (d). Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record.

- 10 -

2017, the deed of trust was assigned to Plaintiff, Carrington Mortgage Services LLC.

After Ketay failed to timely pay the homeowners' assessments on the property, the HOA initiated the nonjudicial foreclosure process. Between November 2010 and January 2011, the HOA, through its agent Nevada Association Services ("NAS"), recorded notice of delinquent assessment on the lien, notice of default and election to sell, and finally a foreclosure deed against the property. On April 15, 2011, BAC Home Loans Servicing, LP aka Countrywide Home Loans, Inc. ("BAC")[2], through its attorney, Miles, Bauer, Bergstrom & Winters, LLP ("Miles Bauer") requested superpriority lien account statement from NAS. The letter stated, in part:

> It is unclear, based upon the information known to date, what amount the nine months' of assessments pre-dating the NOD actually are. That amount, whatever it is, is the amount BAC should be required to rightfully pay to fully discharge its obligations to the HOA per NRS 116.3102 and my client offers to pay that sum upon presentation of adequate proof of the same by the HOA.

On May 6, 2011, NAS provided a ledger statement that did not specify the superpriority amount. On May 20, 2011, Miles Bauer sent NAS a letter advising that BAC wished to satisfy its obligation to the HOA and enclosed a check for $252.00. There is no record of NAS responding to this letter. The HOA foreclosed on the property on August 23, 2013, and SFR purchased the property for $14,000. SFR quitclaimed its interest in the property as evidenced by a quitclaim deed recorded on August 27, 2013. On July 6, 2017 Plaintiffs filed a Notice of Lis Pendens.

### b. Disputed Facts

Parties dispute whether NAS received the check from Miles Bauer and whether the amount Miles Bauer sent was the full amount owed on the superpriority portion of the lien.

---

[2] Bank of America, NA. is the successor by merger of BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. [w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

The Court addresses several issues in turn: (1) whether Bank of America claims are barred by the applicable statute of limitations; (2) whether Bank of America has standing to enforce the alleged note and deed of trust; and (3) whether the evidence establishes as a matter of law that attempted tender by Bank of America's predecessor, BAC, preserved its deed of trust.

### a. Statute of Limitations

Defendants argues that Plaintiff's claims against it are times barred. This Court disagrees. For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). The foreclosure sale at issue in this matter

occurred on August 23, 2013.  The Court finds that this is the date upon which all of SFR's claims regarding the invalidity of the foreclosure sale arose.  The complaint was filed on July 5, 2017, less than four years later.

The Court finds, to the extent Plaintiffs seek relief based on alleged unconstitutionality or equitable grounds, Plaintiff's claims fall within four-year catch-all provision at NRS 11.220. See Carrington Mortg. Servs., LLC v. Tapestry at Town Ctr., 381 F.Supp.3d 1289, 1293 – 94 (D. Nev. 2019 )(noting to the extent plaintiff seeks relief based on alleged unconstitutionality or on equitable grounds, Carrington's claims fall within the four-year catch-all provision at NRS 11.220 and are therefore timely). These claims are in indeed timely because Plaintiff filed its complaint within four years after the foreclosure sale occurred. The Court therefore finds that all of Plaintiff's claims are not time barred.

### b. Standing

Defendants argue that Bank of America does not have standing to bring this action because there was an erroneous assignment regarding the property. Specifically, SFR alleges that because MERS assigned the deed of trust to BAC in July 2010, it had nothing to convey Bank of America under the October 2011 assignment. SFR also argues that the MERS July 2010 conveyance was improper because it was recorded against the wrong parcel number and property description was different. The Court disagrees with Defendants.

To have standing under Article III of the U.S. Constitution, a party must assert an 1) injury-in-fact; 2) that is fairly traceable to the challenged conduct of the defendant; and 3) that is likely to be redressed by a favorable court decision. Spokeo v. Robbins, 136 S. Ct. 1540, 1547 (2016). In addition to establishing constitutional standing, a party must also have prudential standing, which encompasses "at least three broad principles: the general prohibition on a litigant's raising

another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Lexmark Intern., Inc. v. Static Control Components, Inc., 572 U.S. 118, 126 (2014) (citing Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004)).

Rule 17 of the Federal Rules of Civil Procedure requires that an action "be prosecuted in the name of the real-party-in interest." Fed. R. Civ. P. 17(a). Rule 17(a) does not define the term "real-party-in interest," but instead "allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action." U-Haul Intern., Inc. v. Jartan, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986). The Court must thus look to the substantive law under which the right is brought, while also bearing in mind that "[t]he modern function of the rule is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Id. at 1039 (internal citations and alterations omitted).

The primary relief that Plaintiff seeks is quiet title through NRS 40.010. NRS 40.010 which provides that "an action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. The relevant substantive law here clearly gives Plaintiff a cause of action. Plaintiff is an entity that claims an interest in the property—in this case an interest in a deed of trust secured on the property. Plaintiff has submitted to the Court evidence of this interest via the 2011 and 2017 assignments.  Plaintiff is not currently seeking the ability to foreclose on the property, but merely seeks standing for declaratory relief as to the deed of trust's continued validity. The problem that Rule 17(a) was designed to address of potential duplicative

actions and res judicata is therefore not of particular concern in this case. Even if parties later dispute who is the current record beneficiary of the deed of trust, the question of whether the HOA sale extinguished the deed of trust—which is the only question presently before the Court—would not be implicated by that decision. Furthermore, all parties claiming an interest in the deed of trust would be bound by whatever decision this Court makes as to whether the deed of trust survived the HOA sale.

Accordingly, despite any potential conflicting deeds of trust, the Court finds that Plaintiff nevertheless has constitutional standing, prudential standing, and a legal substantive right as a real-party in interest under Rule 17. Plaintiff has demonstrated adequate constitutional standing. An 'injury-in-fact is an invasion of legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Safer Chemicals, Healthy Families v. U.S. Envtl. Prot. Agency, 943 F.3d 397, 410–11 (9th Cir. 2019) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). "A concrete injury is one that actually exists, meaning that it is real and not abstract," while a "particularized" injury is one that affects the plaintiff in a personal and individual way." Id. (citations and quotation marks omitted). Here Plaintiff has articulated an injury-in-fact—an interest in a deed of trust that may or could be extinguished. It has demonstrated that the injury, SFR purchasing the property, is traceable to SFR's actions. Plaintiff can demonstrate that the injury would be redressed by a favorable court decision that determines that the deed of trust survived the HOA foreclosure sale. Finally, Plaintiff is seeking to vindicate its own legal interest in the property rather than that of another party, thus satisfying both prudential and Rule 17(a) requirements.

The Court therefore rejects Defendants' argument that Plaintiff lacks standing.

### c. Tender Claim

Finally, the Court examines whether BAC has proffered sufficient admissible evidence to support its attempted tender claim as a matter of law. The Court finds that it has.

The superpriority component of an HOA lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the sub-priority component consists of "all other HOA fees and assessments." SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 411 (Nev. 2014). Pursuant to NRS 116.31162, a homeowner has at least 90 days following notice to pay the HOA's super-priority lien before an HOA may proceed to foreclosure sale. See NRS 116.31162; SFR Investments Pool 1, 334 P.3d at 411.

SFR disputes the sufficiency of Plaintiff's evidence supporting the alleged offer and rejection of tender. The delivery of tender is supported by an affidavit of Douglas Miles, an employee of Miles, Bauer, Bergstrom and Winters, a copy of the check, and a printout of an internal Miles Bauer database indicating that the check was sent to NAS and rejected. SFR argues that Miles Bauer testimony and admitted policy and practice prove no payment was ever sent, delivered, obstructed, received, or rejected in this case. Yet Miles Bauer's affidavit details and attaches business records that support the proffer and return of a $252.00 check. Miles Bauer further states in his affidavit that he has personal knowledge of Miles Bauer's procedures for creating these records. A person authenticating business records is not required to attest as to the accuracy of every data entry. U-Haul Intern., Inc. v. Lumbermens Mut. Cas. Co., 576 F.3d 1040, 1045 (9th Cir. 2009). Additionally, the Ninth Circuit explains in Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., a party moving for summary judgment usually bears both the initial burden of production and burden of persuasion. 210 F.3d 1099, 1102–03 (9th Cir. 2000). If a moving party carries its burden of production, the nonmoving party must produce evidence to

support its claim or defense. Id.  SFR and HOA failed produce evidence that Miles Bauer never delivered the tender letter and enclosed check. Accordingly, the Court finds that the Miles affidavit and the documents it authenticates have met BAC's initial burden of production.

The parties also dispute whether tender was miscalculated because Miles Bauer ignored nuisance and abatement charges. Pursuant to NAS's ledger identifying delinquent payments, Miles Bauer calculated nine months of assessments at a rate of $ 26.00 per month.  Further, NAS's ledger does not reveal nuisance and abatement charges. SFR and HOA failed to produce competing evidence showing that Miles Bauer miscalculated the superpriority lien amount or the lien included nuisance and abatement charges.

Finally, the Court finds upon the undisputed facts that the tender was sufficient to the extent the tender was conditional. The Court finds that the conditions were those upon which Bank of America's predecessor, BAC, had a right to insist. Bank of America, N.A. v. SFR Invs. Pool 1, LLC ("Diamond Spur"), 427 P.3d 113, 118 (Nev. 2018). The tender was presented with the following condition:

> This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that [Bank of America's] financial obligations towards the HOA in regards to the real property located at 813 Pirates Cave have now been "paid in full".

ECF No. 65, Exhibit 8-4. The Nevada Supreme Court has expressly held that identical language constitutes a condition upon which a tenderer has the right to insist. Diamond Spur, 427 P.3d at 116–118. The Court thus finds Diamond Spur to be controlling here.

Given the reasons stated above the Court finds that the foreclosure sale did not extinguish the deed of trust.

**VI.   CONCLUSION**

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 65) is GRANTED as to its quiet title/declaratory relief. The Court issues declaratory relief in favor of Bank of America and states that Bank of America's deed of trust remained an encumbrance on the Property at the time of the foreclosure sale.  Judgment is entered in favor of Bank of America on its quiet title / declaratory relief claim. Because the Court's holding is dispositive, Bank of America's remaining claims are DISMISSED.

**IT IS FUTHER ORDERED** that SFR Investment Pool 1, LLC Motion for Summary Judgment (ECF No. 66) is DENIED.

**IT IS FURTHER ORDERED** that any pending Lis Pendens are expunged.

**IT IS FURTHER ORDERED** that the cash deposit of $500 in Certificate of Cash Deposit (ECF No.19), plus any accrued interest, be returned to the Legal Owner designated in the certificate. The Clerk of Court is instructed to close this case.

**DATED:** September 29, 2020

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**